12-4428-cv
*Norwood v. Ruhle, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand thirteen.

Present:
> JON O. NEWMAN,
> PETER W. HALL,
> GERARD E. LYNCH,
>> *Circuit Judges,*

_____

CLYDE J. NORWOOD, JNR.,

> *Appellant,*

> v.                                                            12-4428-cv

GERALYN RUHLE, Director of Administration, LBDC,
ROSEMARIE PEREZ JAQUITH, Administrative Counsel, LBDC,
NEW YORK STATE LEGISLATIVE BILL DRAFTING COMMISSION,

> *Defendants-Appellees.*

_____

FOR APPELLANT:          Vincent U. Uba, Albany, NY.

FOR APPELLEES:          Jonathan D. Hitsous, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor

General *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Clyde J. Norwood appeals from a memorandum opinion and order granting summary judgment in favor of Defendants-Appellees the New York Legislative Bill Drafting Commission ("LBDC" or "Commission"), Geralyn Ruhle, and Rosemarie Perez Jaquith. Although Norwood does not challenge the district court's decision with respect to the LBDC, he appeals its decision to dismiss his injunctive relief and individual liability claims under 42 U.S.C. § 1983 against Defendants Ruhle and Jaquith. Additionally, Norwood contends that the district court erred in failing to address his presumption of innocence claim and in dismissing his race discrimination claim. Finally, Norwood challenges the district court's decision not to exercise supplemental jurisdiction over his state law claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment. *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). We will uphold a grant of summary judgment "if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." *Global Network Commc'ns, Inc. v. City of New York*, 562 F.3d 145, 150 (2d Cir. 2009).

Substantially for the reasons stated in the district court's opinion, we agree that Norwood failed to show that Defendants Ruhle and Jaquith were personally involved in what he asserts was a deprivation of his constitutional rights. Norwood contends that there is an issue of fact about whether Defendant Ruhle made the initial decision to place Norwood on administrative leave.

2

Assuming *arguendo* that a jury could find that she had the authority to, and did, make that decision, Norwood's claim still fails, because it did not violate due process to place Norwood on administrative leave during the pendency of his criminal trial. *See Gilbert v. Homar*, 520 U.S. 924, 934 (1997) (holding that placing even a tenured employee—which Norwood was not—on leave without pay pending resolution of serious criminal charges does not violate due process). The record does establish, moreover, that only the LBDC Commissioners had the authority to extend Norwood's leave and terminate his employment; thus, neither Ruhle nor Jaquith can be held liable for these decisions. Ruhle merely conveyed the Commissioners' decisions to Norwood, and Jaquith provided legal counsel to the LBDC. Likewise, there is no evidence in the record that either Ruhle or Jaquith had the authority to reinstate Norwood's employment, and thus the district court correctly dismissed the injunctive relief claims under *Ex Parte Young*, 209 U.S. 123 (1908) as to them.

Although Norwood challenges the district court's failure specifically to address his presumption of innocence claim, in determining that Norwood could not assert claims against either Ruhle or Jaquith, the district court implicitly held that his presumption of innocence claim must also fail. Additionally, the presumption of innocence applies only to criminal trials; the Constitution does not require that such a presumption be applied by public employers. *See Joseph v. Leavitt*, 465 F.3d 87, 91 (2d Cir. 2006). As such, Norwood's presumption of innocence claim is not cognizable in an employment action under § 1983, and the district court correctly dismissed it.

Finally, we agree with the district court that Norwood's complaint did not allege a race discrimination claim and that any such claim asserted at the summary judgment stage is untimely and must be dismissed. In light of its dismissal of all of Norwood's federal law claims, the district court did not abuse its discretion in refusing to exercise supplemental jurisdiction over his state law claim. *See* 28 U.S.C. § 1367(c); *Domnister v. Exclusive Ambulette, Inc.*, 607 F.3d 84, 87 (2d Cir. 2010).

3

We have considered Norwood's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk